**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

```
SHAWN A. COLES,                  :
     Plaintiff,                  :
                                 :
     v.                          :   Case No. 3:17cv1770(AWT)
                                 :
DR. RUIZ, et al.                 :
     Defendants.                 :
```

**RULING ON MOTION FOR SUMMARY JUDGMENT [Doc.#48]**

On October 23, 2017, the plaintiff, Shawn A. Coles, an inmate currently confined at the Willard-Cybulski Correctional Institution in Enfield, Connecticut, filed a complaint pro se pursuant to 42 U.S.C. § 1983 seeking damages and injunctive relief against five Department of Correction ("DOC") officials: Dr. Ricardo Ruiz, Nurse Stephanie, Nurse Shonte Haley,[1] Nurse Jane Ventrella, and Dr. Monica Farinella. Compl. [Doc.#1]. The plaintiff claimed that the defendants violated his Eighth Amendment right not to be subjected to cruel and unusual punishment by acting with deliberate indifference to his serious medical needs. The court permitted his Eighth Amendment

---

[1]The plaintiff referred to this defendant as Nurse Shonte, Nurse Hailey, and Nurse Shonte Hailey in his complaint; as Nurse Ashonte Gilbert in his amended complaint; and as Nurse Shanta Hailey in his second amended complaint. The parties subsequently agreed that the defendant should be referred to as Nurse Shonte Haley [Doc.##55, 48-4 at ¶ 4].

claim to proceed against all five defendants. Initial Review Order [Doc.#7] 9-10.

Since the court issued the Initial Review Order, the plaintiff has filed two amended complaints. Am. Compl. [Doc.#21]; Second Am. Compl. [Doc.#41]. The defendants answered the first amended complaint. Answer [Doc.#30].

On December 14, 2018, the defendants filed the instant motion for summary judgment arguing that the evidence fails to create a genuine issue of material fact as to whether they acted with deliberate indifference to the plaintiff's medical needs. For the following reasons, the court is granting the defendants' motion for summary judgment.

I. **Legal Standard**

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law" and is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" based on it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Dister v. Continental Group, Inc., 859 F.2d 1108, 1114 (2d Cir. 1988) (mere existence of alleged factual dispute will not defeat summary judgment

motion).  The moving party may satisfy this burden "by showing – that is pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."  PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002) (per curium) (internal quotations omitted; citations omitted).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits and "demonstrates the absence of a genuine issue of material fact," the nonmoving party must do more than vaguely assert the existence of some unspecified disputed material facts or "rely on conclusory allegations or unsubstantiated speculation."  Robinson v. Concentra Health Servs., Inc., 781 F.3d 42, 44 (2d Cir. 2015) (citation omitted).  The nonmoving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact."  Id.; see also First Nat. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289 (1968) (nonmoving party must submit sufficient evidence supporting factual dispute that will require factfinder to resolve differing versions of truth at trial).

In reviewing the record, the court must "construe the evidence in the light most favorable to the non-moving party and to draw all reasonable inferences in its favor."

Gary Friedrich Enters., L.L.C. v. Marvel Characters, Inc., 716 F.3d 302, 312 (2d Cir. 2013) (citation omitted). If there is any evidence from which a reasonable factual inference could be drawn in favor of the non-moving party for the issue on which summary judgment is sought, then summary judgment is improper. See Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).

Where one party is proceeding pro se, the court must read his papers liberally and interpret them "to raise the strongest arguments that they suggest." Willey v. Kirkpatrick, 801 F.3d 51, 62 (2d Cir. 2015) (internal quotation marks and citation omitted). Despite this liberal interpretation, however, "[u]nsupported allegations do not create a material issue of fact" and cannot overcome a properly supported motion for summary judgment. See Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000), cert. denied, 540 U.S. 811 (2003).

## II. Facts

The court draws the following facts from the defendants' Local Rule 56(a)(1) Statement ("Defs.' Stmt.") [Doc.#48-4], the plaintiff's Local Rule 56(a)(2) Statement ("Pl.'s Stmt.") [Doc.#55], and the exhibits submitted by both parties.

On March 13, 2017, the plaintiff sustained an injury to his foot while playing basketball at the Cheshire Correctional Institution. Defs.' Stmt. ¶ 1; Pl.'s Stmt. ¶ 1; Pl.'s Ex. G [Doc.#41 at 31]. Later that day, he was taken to the medical unit where he was evaluated by Nurse Haley. Defs.' Stmt. ¶ 4; Pl.'s Stmt. ¶ 4. Nurse Haley gave the plaintiff ice and Motrin for his pain and ordered x-rays for his foot. Defs.' Stmt. ¶¶ 5-6; Pl.'s Stmt. ¶¶ 5-6. She entered an order for 200 milligrams of Ibuprofen. Defs.' Stmt. ¶ 7; Pl.'s Stmt. ¶ 7.

Two days later, the plaintiff was evaluated by Dr. Ruiz. Defs.' Stmt. ¶ 8; Pl.'s Stmt. ¶ 8. Ruiz ordered crutches and a bottom bunk pass for the plaintiff; Defs.' Stmt. ¶ 8; Pl.'s Stmt. ¶ 8; Aff. of Ricardo Ruiz, MD ("Ruiz Aff.") [Doc.#48-3] ¶ 4; the plaintiff contends that he only had crutches for twelve days. Pl.'s Stmt. ¶ 8. Ruiz also ordered a five-day Motrin regimen for the plaintiff, but the plaintiff claims that he never received the medication. Defs.' Stmt. ¶ 9; Pl.'s Stmt. ¶ 9.

On March 27, 2017, multiple x-rays were taken of the plaintiff's foot. Defs.' Stmt. ¶ 10; Pl.'s Stmt. ¶ 10; Medical Records, Defs.' Attach. A. [Doc.#49 at 12]. The x-rays showed a slightly distracted rotated fracture of the

base of the plaintiff's fifth metatarsal. Defs.' Stmt. ¶ 11; Pl.'s Stmt. ¶ 11; Medical Records at 12.

On April 19, 2017, Dr. Ruiz once again evaluated the plaintiff. Defs.' Stmt. ¶ 12; Pl.'s Stmt. ¶ 12. Following the examination, Ruiz submitted a request to the Utilization Review Committee ("URC") that the plaintiff be evaluated by an orthopedic specialist. Defs.' Stmt. ¶ 12; Pl.'s Stmt. ¶ 12; Medical Records at 14. The URC granted the request on May 19, 2017, and the plaintiff was transported to the UConn Health Center for an orthopedic consultation with Dr. Merrill. Defs.' Stmt. ¶ 13; Pl.'s Stmt. ¶ 13; Medical Records at 14.

During the orthopedic consultation, Dr. Merrill concluded that the plaintiff had a mild fracture, good range of motion, and flat feet. Defs.' Stmt. ¶ 14; Pl.'s Stmt. ¶ 14; Medical Records at 13. Merrill noted that the plaintiff's fracture was healing and did not recommend surgery, Ruiz Aff. ¶ 8, but he informed the plaintiff that he may experience pain for up to six months and recommended a brace and an orthopedic shoe. Defs.' Stmt. ¶ 15; Pl.'s Stmt. ¶ 15; Medical Records at 13. A physician order for an orthopedic shoe was written on May 22, 2017. Defs.' Stmt. ¶ 16; Pl.'s Stmt. ¶ 16; Medical Records at 5.

On August 4, 2017, Nurse McClain provided the plaintiff with an orthopedic shoe as ordered; Defs.' Stmt. ¶ 19; Pl.'s Stmt. ¶ 19; Medical Records at 4. The plaintiff later complained that the shoe did not fit. Pl.'s Ex. H [Doc.#41 at 36]. The use of an orthopedic shoe is merely for comfort; it is not designed to heal a fracture in the foot. Ruiz Aff. ¶ 13.

Three days later, medical personnel performed additional x-rays on the plaintiff's foot. Defs.' Stmt. ¶ 20; Pl.'s Stmt. ¶ 20; Medical Records at 11. The reviewing physician did not find any significant change in the plaintiff's fracture. Defs.' Stmt. ¶ 20; Pl.'s Stmt. ¶ 20; Medical Records at 11.

On August 16, 2017, Dr. Ruiz evaluated the plaintiff for a third time, and the two discussed the latest x-ray results. Defs.' Stmt. ¶ 21; Pl.'s Stmt. ¶ 21; Medical Records at 27; Ruiz Aff. ¶ 15. Ruiz explained to the plaintiff that the type of fracture he sustained often does not heal well or at all. Defs.' Stmt. ¶ 22; Pl.'s Stmt. ¶ 22; Medical Records at 27; Ruiz Aff. ¶ 15. He also explained that surgery often does not help to heal the fracture, but he would let the surgeon at UConn decide whether it was appropriate. Defs.' Stmt. ¶ 22; Pl.'s Stmt. ¶ 22; Medical Records at 27; Ruiz Aff. ¶ 15. Ruiz told the

plaintiff that he would order another x-ray of his foot, and if the x-ray showed no healing, he would refer him back to the orthopedic surgeon at UConn. Defs.' Stmt. ¶ 23; Pl.'s Stmt. ¶ 23; Medical Records at 27; Ruiz Aff. ¶ 15. Other than over-the-counter pain medication, Ruiz did not deem it appropriate to prescribe any additional pain medication for the plaintiff. Ruiz Aff. ¶ 16.

## III. Discussion

To prevail on a claim for deliberate indifference to a serious medical need under the Eighth Amendment, the plaintiff must show both that his medical need was serious and that defendants acted with a sufficiently culpable state of mind. See Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003) (citing Estelle v. Gamble, 429 U.S. 97, 105 (1976)). There are both objective and subjective components to the deliberate indifference standard. See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298 (1991). The condition must be "one that may produce death, degeneration, or extreme pain." See Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted). Subjectively, defendants must have been actually aware of a substantial risk that the plaintiff would suffer

8

serious harm as a result of their actions or inactions. See Salahuddin v. Goord, 467 F.3d 263, 280-81 (2d Cir. 2006). Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under § 1983. See id. at 280. Nor does a difference of opinion regarding what constitutes an appropriate response and treatment. See Ventura v. Sinha, 379 F. App'x 1, 2-3 (2d Cir. 2010); Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998).

In this case, the defendants concede that the plaintiff has satisfied the objective component of the Eighth Amendment standard based on evidence that he suffered a fracture to his foot. Defs' Mem. of Law in Supp. of their Mot. for Summ. J. [Doc.#48-1] at 5. The court agrees with their contention, however, that the plaintiff has failed to produce evidence of deliberate indifference.

The evidence shows that Nurse Haley, Dr. Ruiz, and Nurse McClain all provided treatment in response to the plaintiff's injury. Haley gave the plaintiff ice and pain medication and ordered x-rays for his foot. Ruiz evaluated the plaintiff on three different occasions, ordered crutches, a bottom bunk pass, and five-day Motrin regimen for the plaintiff, and submitted a URC request for the

plaintiff to see an orthopedic specialist.  McClain gave the plaintiff an orthopedic shoe as ordered by the orthopedist.  The plaintiff argues in his opposition that he did not receive the medication ordered by Ruiz, see, e.g., Pl.'s Mem. of Law in Supp. of Opp'n to Mot. for Summ. J. ("Pl.'s Opp'n") [Doc.#54-1] at 3, but he has not provided any evidence that Ruiz or any other defendant did anything that prevented him from receiving the medication.

The plaintiff contends that the treatment provided by the defendants was not "appropriate" or was insufficient to match the seriousness of his injury.  Pl.'s Opp'n at 1, 3.  Even if true, this fact would not show that the defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment.  In order to prevail on an Eighth Amendment claim, the plaintiff must show more than the mere fact that the defendants acted negligently.  Salahuddin, 467 F.3d at 280; see also Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner").  Although the plaintiff contends that their response was inadequate, Haley, Ruiz, and McClain all took remedial action in response to his injury.  There is no evidence that could support a conclusion by a jury that any of them

disregarded a substantial risk that the plaintiff would suffer serious harm.

The fact that the plaintiff disagrees with the method of treatment chosen by the defendants does not support a claim that they violated his Eighth Amendment rights.  See Chance, 143 F.3d at 703 ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim").  Dr. Ruiz explained to the plaintiff that the type of fracture he sustained often does not heal properly, and neither he nor the orthopedist recommended surgery.  Ruiz Aff. ¶¶ 8, 15; Defs' Stmt. ¶ 22; Pl.'s Stmt. ¶ 22.  Ruiz also did not deem it appropriate to prescribe any medication other than the over-the-counter medications he had already prescribed.  Ruiz Aff. ¶ 16.  The plaintiff may disagree with these conclusions, but he has not provided evidence showing deliberate indifference to his medical needs.

As to Nurse Ventrella and Dr. Farinella, there is no evidence in the record showing that either of them acted with deliberate indifference to the plaintiff's medical needs.  The plaintiff alleges that Ventrella "accused [his] pain as insignificant" and failed to provide him with crutches, Second Am. Compl. ¶ 67, but there is no evidence in the record to support that allegation.  The plaintiff is

suing Farinella because she is the director of Correctional Managed Health Care and is, therefore, responsible for the "unconstitutional and unforgiving" polices by which other medical personnel must abide. Id. at ¶ 78. However, because the plaintiff has not shown that any of the other defendants acted with deliberate indifference to his medical needs, no reasonable jury could conclude that Farinella violated his Eighth Amendment right not to be subjected to cruel and unusual punishment. The plaintiff has also not provided evidence to support his conclusory allegation that the policies of Correctional Managed Health Care are unconstitutional.

## IV. Conclusion

Based on the foregoing, the court concludes that the defendants are entitled to summary judgment in their favor, and the motion for summary judgment [Doc.#48] is hereby GRANTED.

The Clerk is directed to enter judgment in favor of the defendants and close this case.

It is so ordered.

Dated this 30th day of April, 2019 at Hartford, Connecticut.

_____/s/AWT_____
Alvin W. Thompson
United States District Judge